UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

HAROLD JACKSON,

                Petitioner,

    v.                             9:07-CV-1293
                                        (DNH)(GJD)

SUPERINTENDENT, Gowanda Correctional Facility,

                Respondent.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

HAROLD JACKSON
Petitioner, pro se

HON. DAVID N. HURD
United States District Judge

## DECISION and ORDER

      By prior Decision and Order of this Court, petitioner Harold Jackson was afforded the opportunity to file an amended petition demonstrating that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Dkt. No. 3.

      Petitioner's amended petition is before this Court for consideration. Dkt. No. 6.

      In his amended habeas petition, petitioner states that he seeks to challenge a judgment of conviction entered in Albany County Court on May 30, 2003, wherein he pleaded guilty to sexual abuse in the first degree. Dkt. No. 6 at 1.[1] According to petitioner, he filed a notice of appeal in May 2005. The appeal was deemed untimely, and was not considered by the state court. Id. at 2, 7.

---

[1] The original petition stated that the date of conviction was August 16, 2002. Dkt. No. 1 at 1.

Petitioner's amended petition does not provide additional information sufficient to establish that this proceeding was timely commenced. On the basis of the information set forth in the amended petition, it appears that petitioner's conviction became final for purposes of the AEDPA on or about June 30, 2003. Accordingly, the limitations period for seeking federal habeas corpus relief expired one year later on June 30, 2004, and this action was not timely filed.

The Court has also considered whether petitioner may properly seek habeas corpus relief based upon his counsel's alleged failure to file a state court notice of appeal.[2] Based upon the information provided in the amended petition, petitioner discovered the factual predicate of this claim no later than May 13, 2005, when he attempted to file a late notice of appeal in state court. See Dkt. No. 6 at 7. By letter dated June 20, 2005, petitioner was advised by the Clerk of the Court that the appeal period had expired. Id. It does not appear that petitioner took any further action until December 2007, when he filed his petition in this action. Thus, even assuming that the one-year limitation period on one or more of petitioner's claims commenced approximately June 2005, the petition herein was not timely filed.

THEREFORE, in light of the foregoing, it is

ORDERED, that

1. This action is dismissed as time-barred for the reasons set forth herein, and in the Court's prior Decision and Order in this action (Dkt. No. 3); and

---

[2] As set forth in 28 U.S.C. § 2244(d)(1)(D), the one-year limitation period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    2. The Clerk is directed to serve a copy of this Order on petitioner.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: March 4, 2008
       Utica, New York.